UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                            Case No. 13-cr-20704

v                                                Honorable Thomas L. Ludington

RACHEL LEE WINSLOW,

        Defendant.

_____/

## ORDER DENYING REQUEST FOR SENTENCE MODIFICATION

On March 31, 2014, Rachel Lee Winslow pleaded guilty to Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine Base, Cocaine, and Heroin.  Plea Agreement 1, ECF No. 59.  On August 25, 2014, she was sentenced to 36 months' imprisonment. J. 2, ECF No. 102.

On February 17, 2015, Winslow filed a motion requesting that she be permitted to complete her sentence in a halfway house or on home detention.  She explains that she is seeking this modification so that her parental rights are not terminated.  She further explains that she must demonstrate the ability to care for her two-year old son by September 30, 2015, or he will be permanently removed from her care.  She therefore requests that this Court order the Bureau of Prisons to modify her sentence.

Only the Bureau of Prisons has the authority to seek a modification of a prisoner's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  Section 3582 provides that a federal court "may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the court, *upon the motion of the Director of the [BOP]*, may reduce the term of imprisonment .

. . if it finds that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* (emphasis added). The statute places no limits on the BOP's authority to seek—or not to seek—a sentence modification on behalf of a prisoner. *Crowe v. United States*, 430 F. App'x 484, 485 (6th Cir. 2011). Accordingly, this Court lacks authority to review a decision by the BOP or to direct the BOP to modify a sentence. *Id.*; *see also Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001) ("The district court lacked jurisdiction to sua sponte grant compassionate release.").[1]

Accordingly, it is **ORDERED** that Rachel Lee Winslow's Request for Modification of her Sentence (ECF No. 134) is **DENIED**.

                                                 s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge

Dated: March 6, 2015

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail and on Rachel Lee Winslow #49117039, FMC Satellite Camp, P.O. Box 14525, Lexington, KY 40512 by first class U.S. mail on March 6, 2015.

                                s/Suzanne M. Gammon
                                SUZANNE M. GAMMON

---

[1] As part of her motion, Winslow has attached correspondence from Warden Francisco Quintana dated February 3, 2015. ECF No. 134 at 5. Warden Quintana's letter outlines the procedure for securing compassionate release, stating that "[t]here is certain criteria that must be met in order to be considered for a Reduction in Sentence (RIS)." *Id*. He further explains that her information will be forwarded to the RIS Coordinator, and that she can appeal any adverse decision to the Regional Director at the BOP. *Id*.